UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE CRAIG CANNON,

    Petitioner,

v.

ADAM DOUGLAS,[1]

    Respondent.

                           /

Case No. 22-10152

HON. PAUL D. BORMAN

**OPINION AND ORDER
(1) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR
STAY AND ABEYANCE (ECF NO. 6), AND
(2) DIRECTING PETITIONER TO RESPOND TO COURT**

This is a *pro se* habeas corpus case filed by a Michigan prisoner pursuant to 28 U.S.C. § 2254. Petitioner Andre Craig Cannon was convicted by guilty plea in Genesee County Circuit Court of second-degree murder, Mich. Comp. Laws § 750.317; and felony-firearm, second offense, Mich. Comp. Laws § 750.227b(b). Petitioner is serving a prison term of thirty-two to eighty years for the murder conviction and a determinate, consecutive five-year term for the felony-firearms offense. The petition raises a single ground for relief: that the trial court erred in

---

[1] The caption is amended to reflect the proper respondent in this case, the warden of the prison where Petitioner is currently incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254.

denying Petitioner's motion for plea withdrawal when he received ineffective assistance of trial counsel. (ECF No. 1, Pet.)

Now before the Court is Petitioner's motion for stay and abeyance, which he bases on the existence of "recently discovered new issues that have not been exhausted in the State courts." (ECF No. 6, Mot., PageID.31.) For the reasons stated below, the Court will deny Petitioner's motion without prejudice. The Court will further direct Petitioner to take one of two actions: he must either inform the Court that he wishes for it to proceed on his original petition with its sole, exhausted claim; or, he must file an amended motion for stay and abeyance identifying his unexhausted grounds for relief and good cause for their unexhausted status.

## I. BACKGROUND

On January 9, 2019, on the day his trial was to begin, Petitioner pleaded guilty to second-degree murder and felony-firearm, second offense, in the Genesee County Circuit Court. (ECF No. 10-14, Hrg. Tr., PageID.307-08.) His plea was pursuant to an agreement with the Attorney General's office, which agreed to dismiss two additional weapons charges in exchange for the plea. (*Id.* at PageID.300.) Petitioner established a factual basis for his plea through defense counsel, admitting that when he encountered the victim, Demetrius Pantoja, Petitioner was armed with a weapon and that he shot and killed Pantoja without justification. (*Id.* at PageID.309-11.)

A sentencing agreement was not part of the plea offer, but the prosecution withdrew any habitual offender enhancements. (*Id.* at PageID.300, 304.) On February 22, 2019, Petitioner was sentenced to a five-year determinate prison term for the felony-firearm conviction, to be served consecutively to a term of thirty-two to eighty years for the murder conviction. (ECF No. 10-15, Sent. Tr., PageID.351.)

Through his appointed appellate attorney, Petitioner filed a motion in the trial court to withdraw his plea based on ineffective assistance of trial counsel. Following a *Ginther*[2] hearing held to evaluate whether counsel had been constitutionally deficient, the trial court denied the motion. (*See* ECF No. 10-18, Order, 2/11/2020.) Petitioner sought leave to appeal in both the Michigan Court of Appeals and the Michigan Supreme Court, and both denied leave in standard form orders. *People v. Cannon*, No. 352955 (order) (Mich. App. July 13, 2020); *lv. den.*, *People v. Cannon*, 507 Mich. 869 (2021).

On January 13, 2022, Petitioner filed the instant application for a writ of habeas corpus, raising the following issue:

> The trial court abused its discretion in denying Mr. Cannon's motion for plea withdrawal, where his attorney was ineffective in failing to provide him with vital discovery documents, review such documents with him, visit him more than one time at the jail, and accurately advise him about what sentence he might receive if he plead guilty.

---

[2]  *People v. Ginther*, 390 Mich. 436, 443 (1973).

3

(ECF No. 1, Pet., PageID.5.)

On March 16, 2022, Petitioner filed a motion for stay and abeyance of his petition. (ECF No. 6.) In that motion, he asserted that he had "recently discovered new issues that have not been exhausted in the State courts" and requested the stay to exhaust his remedies. (*Id.* at PageID.31.) Petitioner states that he is illiterate and lacks a high school diploma or GED, and therefore, must rely on prison paralegal assistance for his court filings. (*Id.*)

**II. DISCUSSION**

A habeas petition by a state prisoner may not be granted unless the prisoner has exhausted all available state remedies for each of the claims presented in the petition. 28 U.S.C. § 2254(b)(1). Exhaustion is accomplished by "fairly present[ing]" to the state courts both the factual and legal bases for the habeas claims. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A Michigan prisoner must properly present each issue he or she seeks to raise in a federal habeas corpus proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)).

Petitioner has exhausted the ineffective assistance claim contained in his petition. However, he does not identify the unexhausted grounds for relief he seeks

4

to add that are the basis for his motion for a stay. By stating in the motion that he has such claims, he indicates that his petition would potentially be "mixed." "A federal district court, generally speaking, may not grant the writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims that he has not." *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A); *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)).

Faced with a petition that contains both exhausted and unexhausted claims, habeas courts may:

> (1) dismiss the mixed petition in its entirety, *Rhines* [*v. Weber*, 544 U.S. 269, 274 (2005)]; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275 . . .; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278 . . .; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Wagner v. Smith*, 581 F.3d at 419 (quoting *Harris*, 553 F.3d at 1031-32).

The Court elects not to dismiss or deny the petition at this time. It also determines that a stay, Petitioner's requested relief, is not appropriate.

The Supreme Court approved a "stay-and-abeyance" procedure in *Rhines*, 544 U.S. at 275, which permits district courts to stay a federal proceeding and hold a habeas corpus petition in abeyance while the petitioner returns to state court and raises any unexhausted claims there. "Once the petitioner exhausts his state

5

remedies, the district court [may] lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. The criteria for a federal court to grant a stay are (1) good cause for the petitioner's failure to exhaust the claims; (2) that the unexhausted claims are not "plainly meritless"; and (3) that "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Another court in this district, confronted similarly with a petitioner's motion for a stay that relied on unspecified, unexhausted grounds, determined that a stay would be improper under *Rhines* because two of its three factors were unmet:

> Petitioner does not appear to be engaged in intentionally dilatory litigation tactics, but the Court is unable to determine whether any new claims are potentially meritorious because Petitioner has not identified the claims that he wishes to raise in state court. He also has not shown cause for his failure to raise any new claims in state court before he filed his habeas corpus petition. Petitioner has failed to satisfy two of the *Rhines* factors, and because his current claims appear to be exhausted, the Court will deny Petitioner's motion to hold his habeas petition in abeyance.

*Esters v. Vashaw*, No. 1:20-CV-12882, 2021 WL 6495041, at *2 (E.D. Mich. June 30, 2021) (Ludington, J.). As the same is true here, the Court will deny Petitioner's motion for a stay.

Instead, the Court will direct Petitioner, pursuant to *Wagner*, *supra*, and *Harris*, *supra*, to inform the Court as to how he would like to proceed with his potentially mixed petition. Petitioner may either:

6

- Instruct the Court that he wishes to forfeit any potential unexhausted claims, and proceed with the original petition for habeas corpus, with its single, exhausted claim; or

- File an amended motion for a stay and abeyance which provides the Court both the good cause for failing to exhaust his outstanding claims and the nature of those claims, so the Court may complete a *Rhines* analysis.

### III. CONCLUSION and ORDER

Accordingly, for the reasons stated above, IT IS ORDERED that the Motion for Stay and Abeyance (ECF No. 6) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that within **sixty (60) days** of the date of this order Petitioner must either (1) inform the Court that he wishes to waive any unexhausted claims and ask the Court to proceed to rule on his sole exhausted claim; or (2) file an amended motion for a stay to have the Court hold his petition in abeyance while he returns to state court to raise his unexhausted claims there. If Petitioner elects the second option, the motion must identify his unexhausted grounds for relief and explain his good cause for failing to exhaust those claims.

Should Petitioner fail to respond to the Court's order within those sixty days, the Court will proceed as though Petitioner selected the first option, permitting the Court to rule on the merits of the original petition with its single claim for relief.

Finally, the Clerk's Office is directed to amend the case caption as indicated above.

**IT IS SO ORDERED**.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: October 11, 2022