UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE CRAIG CANNON,

    Petitioner,　　　　　　　　　　　Case No. 22-10152

v.　　　　　　　　　　　　　　　　　　HON. PAUL D. BORMAN

ADAM DOUGLAS,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S AMENDED MOTION FOR STAY AND ABEYANCE (ECF NO. 14), DENYING PETITIONER'S MOTIONS FOR EXTENSION OF TIME (ECF NO. 11) AND DISCOVERY (ECF NO. 12) AS MOOT, AND CLOSING THE CASE FOR ADMINISTRATIVE PURPOSES

This is a *pro se* habeas corpus case filed by a Michigan prisoner pursuant to 28 U.S.C. § 2254. Petitioner Andre Craig Cannon is challenging his Genesee County plea convictions for second-degree murder and felony-firearm, second offense. Before the Court is Petitioner's amended motion for stay and abeyance of his petition for a writ of habeas corpus (ECF No. 14), as well as his motions for discovery and for an extension of time to file a reply to Respondent's answer to the petition. (ECF Nos. 11, 12.) The Court denied Petitioner's previous motion for a stay without prejudice, because Petitioner failed to identified the newly discovered grounds he sought to exhaust in the state courts. (ECF No. 13.) Because Petitioner has now specified those grounds, and because he has an available remedy to exhaust, the

Court will grant Petitioner's amended motion for a stay. The Court will also close the case administratively and deny the remaining motions as moot.

## I. Background

The charges against Petitioner arose from the August 4, 2017, fatal shooting of Demetrius Pantoja at a gas station in Flint, Michigan. (Plea Hrg. Tr., 1/9/2019, ECF No. 10-14, PageID.308-10.) Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, and felony-firearm, second offense, Mich. Comp. Laws § 750.227b(b), in exchange for the dismissal of a second felony-firearm charge as well as a felon-in-possession count. (*Id.* at PageID.300.) The plea offer only extended to Petitioner's charges and did not include a sentencing agreement. (*Id.*) On February 22, 2019, the trial court sentenced Petitioner to thirty-two to eighty years for the murder conviction and a "flat five" years for the felony-firearm conviction, to be served consecutively to the murder sentence. (Sent. Hrg. Tr., 2/22/2019, ECF No. 10-15, PageID.351.)

Through appointed appellate counsel, Petitioner filed a motion to withdraw his plea in the trial court, asserting that Petitioner's counsel at the time of the plea hearing failed to show him discovery, visited him only once before his guilty plea, and failed to discuss the plea agreement with him. (Mich. Ct. App. Rec., ECF No. 10-18, PageID.715.) As a result, Petitioner argues, he did not understand he was at

2

low risk for a first-degree murder conviction if he proceeded to trial. These circumstances rendered his plea involuntary. (*Id.* at PageID.713.)

The trial court held a *Ginther*[1] hearing to determine whether Petitioner had received ineffective assistance of counsel resulting in unknowing and involuntary guilty plea convictions. Over the course of Petitioner's criminal case, between his initial charges and guilty pleas, Petitioner changed counsel twice. (Order, 2/11/2020, ECF No. 10-18, PageID.468.) Petitioner and all three of his defense attorneys testified at the *Ginther* hearing. Based on that testimony, the trial court observed in its order following the hearing that Petitioner "was provided with or aware of all the discovery" in his case, and that all three attorneys reviewed the discovery with him, along with the strengths and weaknesses of his case. The court denied Petitioner's motion, and held that Petitioner voluntarily pleaded guilty to second-degree murder to avoid a first-degree murder conviction at trial. (*Id.* at PageID.470.)

Petitioner then filed through appointed appellate counsel a delayed application for leave to appeal the trial court's ruling at the Michigan Court of Appeals. The application's sole issue was that the trial court erred in denying his motion to withdraw his plea. Both the Michigan Court of Appeals and the Michigan Supreme

---

[1]  *People v. Ginther*, 390 Mich. 436, 443 (1973).

Court denied leave to appeal in standard form orders. *People v. Cannon*, No. 352955 (Order) (Mich. App. July 13, 2020); *lv. den.*, 507 Mich. 869 (2021).

Petitioner filed his application for a writ of habeas corpus on January 12, 2022.[2] He raised the same ineffective-assistance and involuntary plea issue he argued in the state courts. (ECF No. 1, PageID.5-8.)

In March 2022, Petitioner filed a motion for stay and abeyance in this Court, explaining that he had "recently discovered new issues that have not been exhausted in the State courts[.]" (ECF No. 6, PageID.31.) The Court denied Petitioner's motion because his unexhausted grounds were unspecified, and the Court thus was unable to determine their potential merit or whether Petitioner showed good cause for not raising them earlier. (Order, 10/11/2022, ECF No. 13.) The Court directed Petitioner to inform it whether he wished to dismiss his unexhausted claims or stay the case; if the latter, the Court ordered Petitioner to file an amended motion for a stay and abeyance identifying the unexhausted claims and explaining his good cause for the failure to exhaust them. (*Id.* at PageID.955.)

---

[2]  Petitioner signed the petition on January 12, 2022, indicating that it "was placed in the prison mailing system on" that date. (ECF No. 1, PageID.19.) *See United States v. Washpun*, 645 F. App'x 511, 514 (6th Cir. 2016) (citing *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)) (describing the prison mailbox rule as a "relaxed filing standard" under which "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court").

On December 16, 2022, Petitioner filed an amended motion to stay his habeas petition. (ECF No. 14.) In it, he identified his unexhausted grounds for relief to include several theories of ineffective assistance of trial and appellate counsel, trial court error, and actual innocence. (*Id.* at PageID.958-59.) He also claims he drew these issues to appellate counsel's attention, and that counsel's failure to raise these issues on appeal, as well as his own illiteracy, established good cause for his failure to exhaust the claims. (*Id.* at PageID.960.)

On August 15, 2022, Respondent filed an answer to the original petition as well as Rule 5 materials. (ECF Nos. 9, 10.) Petitioner moved for an extension of time to file a reply to the answer. (ECF No. 11) He also filed a motion for discovery, requesting multiple documents from the Flint Police Department. (ECF No. 12, PageID.944.) Both motions also remain pending. Respondent has not filed a response to any of Petitioner's pending motions.

## II. Discussion

A habeas petition by a state prisoner may not be granted unless the prisoner has exhausted all available state remedies for each of the claims presented in the petition. 28 U.S.C. § 2254(b)(1); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion is accomplished by "fairly present[ing]" to the state courts both the factual and legal bases for the habeas claims. *McMeans v. Brigano*, 228 F.3d

5

674, 681 (6th Cir. 2000). A Michigan prisoner must properly present each issue he or she seeks to raise in a federal habeas corpus proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)).

Petitioner has exhausted the ineffective assistance claim contained in his Petition, but has not done so with the additional claims of error raised in his motion to stay his petition. By reporting both exhausted and unexhausted claims, Petitioner establishes that his Petition is "mixed." "A federal district court, generally speaking, may not grant the writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims that he has not." *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A); *Rhines v. Weber*, 544 U.S. 269, 273–74 440 (2005)).

Faced with a petition that contains both exhausted and unexhausted claims, habeas courts may:

> (1) dismiss the mixed petition in its entirety, *Rhines* [*v. Weber*, 544 U.S. 269, 274 (2005)]; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275 . . .; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278 . . .; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

6

*Wagner*, 581 F.3d at 419 (quoting *Harris*, 553 F.3d at 1031-32).

*Rhines* established the "stay-and-abeyance" procedure described above. 544 U.S. at 275. The criteria for a federal court to grant a stay are (1), good cause for the petitioner's failure to exhaust the claims; (2), that the unexhausted claims are not "plainly meritless"; and (3), that "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. "Once the petitioner exhausts his state remedies, the district court [may] lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76.

Here, Petitioner's unexhausted claims are not plainly meritless as they raise constitutional issues which may form the basis for habeas corpus relief. As to good cause, Petitioner claims he brought his issues to appellate counsel and she elected not to raise those claims on appeal. The Court finds no indication that Petitioner is intentionally attempting to delay this proceeding unfairly and unnecessarily.

Given the foregoing, the Court will stay this case and hold the Petition in abeyance. Where, as here, a district court determines that a stay is appropriate pending exhaustion, the Supreme Court directs that the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Petitioner must initiate his state post-conviction remedies **within sixty (60) days** of entry of this Court's order and return to federal court **within sixty (60)**

**days** of completing the exhaustion of state court post-conviction remedies. *See Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002); *Geeter v. Bouchard*, 293 F.Supp.2d 773, 775 (E.D. Mich. 2003).

To resume this case, Petitioner must move the Court to lift the stay **within sixty (60) days** of completing the exhaustion of his state court post-conviction remedies. *Hargrove*, 300 F.3d at 718. If Petitioner does not file an amended petition and motion to lift the stay by the sixty-day deadline, this case will remain closed.

### III. Conclusion and Order

Accordingly, it is **ORDERED** that Petitioner's amended motion to stay his petition (ECF No. 14) is **GRANTED**. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's state court application for post-conviction review. This tolling is conditioned upon Petitioner filing his motion for relief from judgment in the state trial court within **sixty (60) days** of this order and then re-filing his habeas petition – amended to include the newly exhausted claims and using the case number already assigned to this case – within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court further **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order shall

be considered a dismissal or disposition of this matter. S*ee Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that Petitioner's motion for an extension (ECF No. 11) and motion for discovery (ECF No. 12) are **DENIED WITHOUT PREJUDICE** as **MOOT**.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

                                                  s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2023